

U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*Judson T. Mihok*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4903*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*
*TTY/TDD: 410-962-4462*
*Judson.Mihok@usdoj.gov*

March 27, 2013

Tamara E. Theiss
Assistant Federal Public Defender
100 S. Charles Street
Tower II, 9th Floor
Baltimore, MD 21201

Re: United States v. Michael Dean Ragan, Jr., Criminal No. ELH 12-0270

Dear Ms. Theiss:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by April 12, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1. The Defendant agrees to plead guilty to the Count Two of the Indictment which charges him with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2. The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are that, on or about the dates specified in the Indictment in the District of Maryland, the Defendant:

    a. Knowingly received a visual depiction;

    b. Said visual depiction was shipped or transported in and affecting interstate

or foreign commerce by any means, including computer;

        c.      The production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

        d.      Said visual depiction is of a minor engaged in sexually explicit conduct; and

        e.      The Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Penalties

3.      The sentence provided by statute for the offense to which your client is pleading guilty is as follows: not less than five (5) years and not more than twenty (20) years imprisonment, a $250,000 fine, and supervised release for 5 years to life. In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.      The defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

        a.      If the Defendant had persisted in his plea of not guilty, he would have had

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

        b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

        c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

        d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

        e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

        f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United

States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

6. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

7. This Office and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

    a. **RECEIPT**

        i. The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(2).

        ii. Pursuant to U.S.S.G. §2G2.2(b)(2), two (2) levels are added because the material involved a prepubescent minor.

        iii. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), five (5) levels are added because the defendant received 600 or more images of child pornography.

        iv. Pursuant to U.S.S.G. §2G2.2(b)(4), four (4) levels are added because the visual depictions included material that depicted sadistic or masochistic conduct or other depictions of violence.

        v. The offense level, therefore, is ~~twenty-nine~~ thirty-three (33). [handwritten: TT MR SW]

    b. **RELEVANT CONDUCT PER U.S.S.G. §1B1.3-PRODUCTION**

        i. The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

              ii.      Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because the victim in this case was over 12 but under 16 years old at the time of the offense.

              iii.      Pursuant to U.S.S.G. §2G2.1(b)(2)(A), there is a two (2) level increase because the offense involved the commission of a sexual act or sexual contact.

              iv.      Therefore, before any adjustment for acceptance of responsibility, the adjusted offense level is thirty-six (36).

        c.      <u>COMBINED OFFENSE LEVEL</u>

              i.      Pursuant to U.S.S.G. §§1B1.2 and 3D1.4, the above-referenced conduct does not group. The guidelines count as one unit the group with the highest offense level and count as one-half Unit each group that is five to eight levels less serious. Since the U.S.S.G. for Production offense is thirty-six (36) and the Receipt of Child Pornography is thirty-three (33), three (3) levels less serious, thirty-six (36) is increased by two (2) offense levels. U.S.S.G. §3D1.4(a).

              ii.      The final combined offense level, therefore, is thirty-eight (38).

7.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final adjusted offense level, therefore, is contemplated to be thirty-five (35).**

8.      The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

9.      This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be

raised or are in dispute.

## Obligations of the United States Attorney's Office

10. The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), **a sentence of twelve years (144 months) imprisonment (actual incarceration) in the custody of the Bureau of Prisons and at least twenty (20) years and up to lifetime supervised release is the appropriate disposition of this case.** This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea agreement pursuant to the provisions of Federal Rule of Criminal Procedure 11(d)(2)(A). Should the Government so elect, it will be afforded the opportunity to proceed on all counts of the Indictment.

11. As stated above, at the time of sentencing, the United States Attorney's Office will recommend a sentence of 12 years (144 months) imprisonment and a period of between 20 years and up to a lifetime period of supervised release, and will move to dismiss the open counts in the Indictment pending against the Defendant.

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

## Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

  a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

  b. The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), <u>except</u> as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds **12 years (144 months)**; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below **12 years (144 months)**.

    c. Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

  14. The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

  15. The Defendant expressly understands that the Court is not a party to this agreement. The Defendant understands that the Court is under no obligation to accept this plea offer made pursuant to Rule 11(c)(1)(C). The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Forfeiture

  16. The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on January 30, 2011, including, but not limited to: one (1) Staples 4.7 GB DVD-RW; one (1) Dell laptop computer model PP2L, S/N: 1669589049047442010111100; one (1) Western Digital 160GB hard drive, WD 1600AJS, S/N: WCAS22927861; one (1) Kodak Easy Share Digital Camera; one (1) Gateway desktop computer, model 310, S/N: MD140F802105, with accompanying Western Digital Hard drive S/N:

WMAJ91635172; and one Apple iPod Touch, 32 GB, model A1318, S/N: 1A015YUD6K2. The Defendant further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Restitution

17. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5/15/2013
Date

Michael Dean Ragan, Jr.

I am Mr. Ragan's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5/15/2013
Date

Támara Theiss

Susie Hensler

Revised 11/5/09

9

## ATTACHMENT A-STATEMENT OF FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Michael Dean Ragan, Jr., age 30, was a resident of Port Deposit, Maryland.

A search warrant was executed on the Defendant's residence on January 30, 2011, in connection with an unrelated counterfeit currency investigation. The defendant subsequently pled guilty to state counterfeit charges. At that time, law enforcement seized several items, including, but not limited to, the following: one (1) Staples 4.7 GB DVD-RW; one (1) Dell laptop computer model PP2L, S/N: 16695890490474420101l1100; one (1) Western Digital 160GB hard drive, WD 1600AJS, S/N: WCAS22927861; one (1) Kodak Easy Share Digital Camera; one (1) Gateway desktop computer, model 310, S/N: MD140F802105, with accompanying Western Digital Hard drive S/N: WMAJ91635172; and one Apple iPod Touch, 32 GB, model A1318, S/N: 1A015YUD6K2.

Subsequent forensic examination of these items revealed that they contained a total of approximately 355 images and 17 videos of minors engaged in sexually explicit conduct, to include images of prepubescent minors (under the age of 12). There were also images of minors engaged in sexually explicit conduct as well as in acts of sadism or masochism or other depictions of violence (e.g., naked minors face down on a bed with straps around both ankles, naked with ropes around their wrists, naked and hog tied behind their back, clothed waist down as the minor is bound and gagged, clothed waist down and tied and blindfolded while holding a gun to the minor's head, images of knife, pliers and other tools inserted into a vagina with blood, as well as anal sex between minors).

In addition, on the Staples 4.7 GB DVD-RW, a video was located which is approximately 12 minutes and 59 seconds long that depicts the Defendant performing oral sex on a minor male. It is apparent on the video that it was taken without the minor male's knowledge. The video, which the Defendant produced, had a creation date, per exif data of January 1, 2005. Through additional investigation, the agents were able to identify the minor male, who will be referred to herein as "John Doe," and confirmed that it was produced when John Doe was a minor (per creation date of the video, 13 years old) and that it was produced without his knowledge. While the Defendant agrees that the video was made on/before 2007 (and if in 2007, John Doe would have been 15 years old), the Defendant's forensic expert was unable to confirm the 2005 creation date.

During two voluntary interviews, on January 30, 2011, and May 17, 2012, the Defendant acknowledged being a "boy lover," that he searched for and sometimes saved child pornography. The Defendant also acknowledged being on a "boylover" website, as well as 4Chan and other

1

foreign websites, as well as Google Hello on the internet to send and received child pornography. When asked about the video, the Defendant acknowledged engaging in oral sex with John Doe, that he knew John Doe was a minor, and that it had occurred in his bedroom, but added that John Doe wanted him to do it and that John Doe was always trying to make him do stuff to him. Again, at the time the video was produced (per the creation date indicated in the exif data of the video file), RAGAN was 23 years old and the victim was 13 years old. [As stated above, while the Defendant agrees that the video was made on/before 2007 (and if in 2007, John Doe would have been 15 years old), the Defendant's forensic expert was unable to confirm the 2005 creation date.] The Defendant also acknowledged being an administrator with full privileges on a website dedicated to viewing, sharing and distributing child pornography.

Accordingly, the Defendant, MICHAEL DEAN RAGAN, JR., knowingly received child pornography from the internet on or about May 26, 2010, to include a video file entitled "T-152780800-Sashka 11Yo&15Yo Brothers Strip Suck And Fuck!-Pedo Gay Pthc Boy Incest.avi", which is approximately 9 minutes and 1 second long, which depicts two minor males engaging in oral sex with each other, and said file was received from the internet utilizing a Dell laptop computer model PP2L, S/N: 166958904904744201011100. The Dell laptop was manufactured outside Maryland, so those items had traveled in and affected interstate or foreign commerce.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

_5/15/13_
Date

_Michael_ [signature]
Michael Dean Ragan, Jr.

_5/15/13_
Date

[signature] _Tamara Theiss_
Susie Hensler

2